IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Clifton Belcher,**

        **Plaintiff,**

**v.**                                              **Case No. 03-3261-JWL**

**Jon Loftness; Allen Beard;**
**Cindy Anderson; and Scott Ashman;**

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiff filed suit seeking monetary damages for injuries he sustained while incarcerated at the United States Penitentiary (USP) in Leavenworth, Kansas. The court previously denied in part and granted in part defendants' motion to dismiss and plaintiff presently maintains claims against the defendants in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), based on defendants' failure to protect plaintiff from a November 21, 1999 assault by unknown inmates. This matter is presently before the court on plaintiff's motion for summary judgment (doc. #45)–a motion that the court referred to Magistrate Judge O'Hara for report and recommendation. On January 31, 2005, Judge O'Hara issued his report and recommendation, recommending that the court deny plaintiff's motion for summary judgment. Thereafter, plaintiff filed a timely objection to the report and recommendation (doc. #52). As explained below, the court overrules plaintiff's objection and adopts in its entirety the report and recommendation of Judge O'Hara.

The standards this court must employ when reviewing objections to the report and recommendation are clear. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Only those portions

of the report and recommendation that have been specifically identified as objectionable will be reviewed. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000). The review of those identified portions is de novo, and the court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *See Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995).

Plaintiff's motion for summary judgment is based on his apparent belief that this court's decision denying defendants' motion to dismiss plaintiff's *Bivens* claims against them conclusively establishes that the defendants violated plaintiff's Eighth Amendment rights. Judge O'Hara recommends denying the motion for summary judgment on the grounds that plaintiff has not identified those portions of the record which demonstrate the absence of any genuine issues of material fact and his entitlement to judgment as a matter of law, *see* Fed. R. Civ. P. 56(c); that plaintiff has failed to comply with Local Rule 7.1(a), which requires that plaintiff's motion be accompanied by a supporting memorandum and brief; and that plaintiff has failed to comply with Local Rule 56.1(a), which requires that plaintiff's motion set forth a statement of facts, separately numbered, with particularized references to the record. Finally, Judge O'Hara explains in his report and recommendation that this court, in ruling on defendants' motion to dismiss, made no determination as to the weight of any party's evidence or whether plaintiff should ultimately prevail with respect to his *Bivens* claims against the defendants in their individual capacities.

In his objections to Judge O'Hara's report and recommendation, plaintiff first asserts that he would like to comply with the local rules of this court but he is unfamiliar with those rules, suggesting that the local rules are not accessible to him as he is in custody. The court will direct

the clerk of the court to mail a copy of the local rules to plaintiff. The objection to the report and recommendation, however, is overruled in that the court would deny plaintiff's motion for summary judgment even if he had followed the local rules. As highlighted by Judge O'Hara, the primary reason plaintiff's motion must be denied is not his failure to comply with the local rules but his failure to demonstrate that he is entitled to judgment as a matter of law.

Plaintiff next suggests that Judge O'Hara is not sufficiently "well versed" in this case to make recommendations to the court concerning the case. On that basis, plaintiff reiterates to this court the arguments that he made in his motion for summary judgment–mainly, that this court's ruling on the motion to dismiss entitles him to summary judgment. The court rejects each of these arguments for the reasons set forth by Judge O'Hara in his report and recommendation. Plaintiff also makes several references to his efforts and desire to settle this case. These statements have no bearing on whether plaintiff is entitled to summary judgment and, thus, the court need not address those statements.

Finally, plaintiff complains that Judge O'Hara issued his report and recommendation before receiving plaintiff's reply brief. This objection is overruled on the grounds that the substance of plaintiff's reply brief, which this court has reviewed, does not cure the deficiencies identified by Judge O'Hara in his report and recommendation. Stated another way, even if Judge O'Hara had the opportunity to review plaintiff's reply brief prior to issuing his report and recommendation, Judge O'Hara would nonetheless have recommended (appropriately so) that this court deny plaintiff's motion for summary judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's objection to the report and recommendation of Judge O'Hara (doc. #52) is overruled and the report and recommendation is adopted in its entirety. Specifically, plaintiff's motion for summary judgment (doc. #45) is denied. The clerk of the court is directed to mail to plaintiff a copy of this court's local rules.

**IT IS SO ORDERED** this 3rd day of March, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge