IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Clifton Belcher,**

       **Plaintiff,**

v.                                                                       Case No. 03-3261-JWL

**Jon Loftness; Allen Beard;**
**Cindy Anderson; and**
**Scott Ashman;**

       **Defendants.**

## MEMORANDUM & ORDER

Plaintiff filed this *Bivens* action seeking monetary damages for injuries he sustained while incarcerated at the United States Penitentiary (USP) in Leavenworth, Kansas. Specifically, plaintiff asserted that defendants failed to protect him from an assault by other inmates. On September 22, 2005, the court granted summary judgment in favor of all defendants, concluding that plaintiff had not demonstrated the existence of genuine issues of material fact as to whether any defendant had the required culpable mental state with respect to plaintiff's safety. This matter is presently before the court on plaintiff's "motion to rescind summary judgment of defendants." The motion is denied.

At the outset, the court addresses defendants' failure to file timely a response to plaintiff's motion. In that regard, the court, after defendants failed to file a response to plaintiff's motion within the time permitted under the applicable procedural rules, directed defendants to show good cause in writing why they failed to file a response to plaintiff's motion. In response to the show cause order, defendants assert that they failed to file a response through inadvertence of counsel.

Specifically, defendants state that they were "unsure" whether plaintiff's motion was properly before the court as plaintiff had previously filed a motion for extension of time to file his motion, which the court had not yet ruled on. Defendants have failed to provide a sufficient reason for failing to file timely a response to plaintiff's motion. While plaintiff did move for an extension of time on September 30, 2005 (requesting an additional 30 days to file a motion pursuant to Rule 59(e)), he nonetheless filed a timely motion for reconsideration on October 7, 2005,[1] thereby mooting his request for an extension of time. Without question, then, his motion to rescind was properly pending before the court regardless of his request for an extension of time.

Because defendants have not shown good cause for failing to file a response to plaintiff's motion to rescind, the court disregards in its entirety the response that defendants have now filed to the motion. Nonetheless, the court's refusal to consider defendants' response to plaintiff's motion does not mean that the court must grant plaintiff's motion–a result advocated by plaintiff. Rather, plaintiff must still meet his burden of showing that he is entitled to relief from the court's order. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (a party's failure to file a response to a motion is not by itself a sufficient basis on which to enter judgment against that party; district court must make additional determination that judgment for the moving party is

---

[1] While plaintiff's motion to rescind was not received by the clerk's office and filed on the docket until October 7, 2005 (11 days after the entry of judgment), plaintiff's motion is still timely under Rule 59(e) as his certificate of service indicates that he placed his motion in the prison mail system on October 4, 2005. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (an inmate who places civil filing in the prison's internal mail system will be treated as having "filed" the document on the date it is given to prison authorities for mailing to the court).

appropriate). The court turns, then, to the merits of plaintiff's motion to rescind.

As explained in the footnote above, plaintiff's motion is appropriately construed under Federal Rule of Civil Procedure 59(e). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (a motion to reconsider filed within ten days after entry of judgment is considered a Rule 59(e) motion).[2] Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

In his motion, plaintiff first urges that the court denied defendants' initial motion for summary judgment on plaintiff's *Bivens* claims and, thus, should have denied the subsequent motion for summary judgment as the material facts had not changed. This argument is rejected.

---

[2]Plaintiff asserts that his motion is made pursuant to Federal Rule of Civil Procedure 60(b). The court nonetheless construes the motion as one made pursuant to Rule 59(e) because the motion was filed within 10 days of the entry of judgment and because the standard for relief under Rule 59(e) is more lenient than the standard under Rule 60(b). *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) ("significantly higher" standard is used to decide whether a movant is entitled to relief under rule 60(b); more lenient standard applies under Rule 59(e)). In other words, the court's construction of plaintiff's motion under Rule 59(e) will not prejudice plaintiff in any respect and, in fact, benefits plaintiff.

For purposes of defendants' initial motion (a motion to dismiss pursuant to Rule 12(b)(6) or, in the alternative, for summary judgment), the court accepted as true the allegations contained in plaintiff's verified complaint. The motion was denied based on the allegations contained in the complaint. Defendants' subsequent motion was based primarily on plaintiff's deposition testimony (plaintiff's deposition had not been taken at the time defendants filed their initial motion) and that testimony differed significantly from the allegations contained in the complaint. Plaintiff's deposition testimony, particularly his testimony that he was offered and declined protective custody, demonstrated that defendants were entitled to summary judgment. Moreover, the court, in its previous order, explained in some detail why it declined to consider the allegations in plaintiff's verified complaint for purposes of defendants' subsequent summary judgment motion. *See Belcher v. Loftness*, 2005 WL 2323222, at *1 n.1 (D. Kan. Sept. 22 2005).

Plaintiff next contends that the court's order is erroneous because it relies almost exclusively on the deposition testimony of plaintiff and that testimony was "purposefully twisted" by defendants' counsel, who acted inappropriately during the deposition by interrupting plaintiff's responses and propounding leading questions to plaintiff. In analyzing defendants' motion for summary judgment, the court did not simply rely on defendants' representations as to plaintiff's testimony. Because the court's order was based on facts taken almost entirely from plaintiff's deposition, the court carefully reviewed plaintiff's deposition to satisfy itself that plaintiff had, indeed, testified as represented by defendants. To be sure, defendants' counsel did not "twist" plaintiff's words but simply stated the facts as testified by plaintiff. Moreover, the court's review of plaintiff's deposition did not reveal any inappropriate conduct on the part of defendants'

4

counsel.

Plaintiff also states in his motion that either defendant Loftness submitted a perjured affidavit or defendant Beard submitted a perjured affidavit and the court's decision was "decided on lies." There is no reasonable basis for plaintiff's allegation that one or more of the defendants submitted perjured affidavits. Defendant Loftness testified that he had passed on the information that plaintiff had provided to him to the Special Investigative Services (SIS) department. Defendant Beard, the SIS Lieutenant at the time pertinent to plaintiff's claims, averred that he did not recall any staff member talking to him about a threat to plaintiff's safety. Plaintiff, then, assumes that one or the other is lying and that the affidavits are inherently inconsistent. Plaintiff is incorrect. Defendant Loftness does not state that he spoke with defendant Beard about plaintiff, only that he passed on the information to the SIS department. Moreover, the mere fact that defendant Beard could not "recall" any staff member speaking to him about plaintiff prior to the assault does not mean that no staff member did so. In any event, these facts were simply not pertinent to the court's resolution of the motion for summary judgment.

Plaintiff next asserts that the court has failed to reconcile the fact that defendant Anderson advised plaintiff that he could go into protective custody with defendant Anderson's affidavit testimony that she did not have any conversation with plaintiff about any threat to plaintiff's safety. Again, these facts are not inconsistent. As plaintiff testified in his deposition, he never told defendant Anderson that he felt threatened; he simply told her that Cornbread knew that he had cooperated with the government and, on that basis, defendant Anderson offered to place plaintiff in protective custody. While plaintiff concedes that he testified that Cornbread did not threaten

5

him in any way, he now states that he intended "the exact opposite" and that the mere fact that Cornbread knew that plaintiff had cooperated with the government was, in essence, a threat to plaintiff's safety. Of course, defendants acknowledged this potential risk by offering plaintiff protective custody–an offer he refused. Moreover, as the court noted in its order, defendants' knowledge of a general risk of harm stemming from plaintiff's status as a cooperator (in the absence of knowledge of a specific threat) is insufficient to permit a jury to conclude that defendants were culpably indifferent to plaintiff's safety.

For the foregoing reasons, plaintiff's motion to rescind the summary judgment order is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for an extension of time (doc. 71) is denied as moot and plaintiff's motion to rescind (doc. 72) is denied.

**IT IS SO ORDERED** this 1st day of December, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge